| 2 | 323 |
| 85a | 438 |

JOHN DOE, *ex dem.* JAMES S. SMITH, and HARRIET, his wife, WILLIAM WEAVER, JAMES WEAVER, WILLIAM ECHOLS, and SOPHIA, his wife, and BARTHOLOMEW J. EVANS, and MARIA, his wife, plaintiffs in error *v.* DANIEL HILEMAN, defendant in error.

*Error to Union.*

The act of 1827, did not, like the act of 1829, require that application to sell real estate by administrators, should be made to the Circuit Court of the county in which administration was granted. Under that act, an application to the Circuit Court of the county in which the real estate was situated, was sufficient.

§ 6 of the act of 1827, required that an administrator's deed of real estate, should set forth " at large, the order of the Circuit Court directing the sale." A recital of the substance of such order, is not a compliance with the act.

A special power granted by statute, affecting the rights of individuals, and which divests the title to real estate, ought to be strictly pursued, and should so appear on the face of the proceedings.

The Circuit Court has no power to direct a sale of real estate by an administrator, to be made for any other funds than the legal currency of the State. The direction to take payment in notes of the State Bank of Illinois, was not warranted by law. But such direction did not render the proceedings void, but voidable only. Such a direction does not render a record of an order of sale inadmissible as evidence.

An administrator's deed under the act of 1827, which does not contain the order " at large," for the sale of the premises, is insufficient, and cannot be received as evidence in an action of ejectment, to support the title of the grantee in such deed.

THIS cause was tried at the November term, 1835, of the Union Circuit Court, before the Hon. Jepthah Hardin and a jury. A verdict and judgment were rendered for the defendant.

DAVID J. BAKER and HENRY EDDY, for the plaintiff in error.

J. DOUGHERTY, W. J. GATEWOOD, and W. B. SCATES, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *ejectment* brought by the heirs of J. Weaver, deceased, for the recovery of the possession of a quarter section of land in Union county, sold by the administrators of Weaver, and purchased by the father of the defendant, Hileman, and devised to the defendant    There were separate demises laid from each heir, and a plea of not guilty ; a verdict and judgment. for defendant.    The cause is brought to this Court on a writ of error.    During the progress of the trial, a bill of exceptions was taken to the opinion of the Circuit Court in admitting the petition, proceedings, and judgment of the Circuit Court of Union county some years previous, under the laws relative to the sale of the real estate of intestates, whose personal estates were insufficient to pay the debts of such intestates, and the evidence of such sale, and the deed made to Jacob Hileman, the purchaser, at such administrators' sale.    Under the exceptions taken, the counsel for the plaintiffs in error, now make the following points for the consideration of this Court, and assign the same for error.

1st.  The Circuit Court erred in permitting said defendant to read to the jury the order of said Circuit Court, directing the sale of the land in question.

2d.  The Circuit court erred in permitting the said defendant to read in evidence to the jury, the paper purporting to be a deed from the administrators of Weaver, deceased, to Jacob Hileman, deceased.

3d.  The deed is defective and void, because it does not set forth the order of sale at large.

4th.  It does not show a sale made according to the order of the Court.

5th.  The order of sale authorizing the notes of the State Bank of Illinois to be received in payment, was unauthorized, and the Court had no legal power to make such order.

6th and 7th.   The application for the order of sale, was not made in the county in which letters of administration were granted.

The preceding objections seem to resolve themselves, except that made under the fifth head, into two, and are embraced in them.

1st.  That the application for the order to sell the lands was addressed to a tribunal having no legal cognizance of the subject.

2d.  That the deed does not conform to the pre-requisites of the law giving the form and mode of conveyance.

Smith *et al. v.* Hileman.

The first objection is not tenable. The act of 1827, under which the proceedings were had, does not, like the act of 1829, (1) require that the application should be made to the Circuit Court of the county " in which administration shall have been granted." The application is not restricted, and as it was made to the Circuit Court of the county where the lands lie, we perceive no objection to the power of the Court to direct the sale on the score of jurisdiction. On the second point, it seems very clear that the deed is not conformable to the statute. The words are imperative. The 6th section of the act of 1827, declares that " the conveyance for the same shall set forth such order at large." The reason of this precision we are not at liberty to enquire into, nor what the supposed necessity may have been in the opinion of the legislature for its adoption. It is sufficient to perceive that a recital of the substance of the order, is not a compliance with, or an observance of the act. A special power granted by statute, affecting the rights of individuals, and which divests the title to real estate, ought to be strictly pursued, and should appear to be so on the face of the proceedings.

In the present case, the contents of the order are not set forth in the deed; there is a mere recital that the sale had been made in pursuance of the order of the Court, but what the terms of that order where, is no where declared in the deed. It cannot then be doubted that the omission to set out the order is fatal.

The order as to the description of funds to be received under the sale, was irregular. The Court could only direct a sale to be made for the legal currency of the State. None other could be recognised; and the direction to take payment in notes of the State Bank of Illinois, was not warranted by law.

The proceedings of the Circuit Court of Union county, in relation to this order, were not however absolutely void for that cause, but voidable only. The defendants might reverse the proceedings for the error, but still the record of them for that cause was not inadmissible as evidence.

But the deed ought not to have been admittted as evidence, and the decision of the Circuit Court by which it was admitted, was clearly erroneous.

For these reasons the judgment of the Circuit Court is reversed with costs.

*Judgment reversed.*

(1) R. L. 641-2; Gale's Stat. 711.